**Gordon HANSEN, Plaintiff–Appellant,**

v.

**WESTERN GREYHOUND RETIREMENT PLAN and Western Greyhound Pension Trust, Defendants–Appellees.**

No. 87–5722.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 1988.

Decided Oct. 18, 1988.

Joanna Rehm, Torrance, Cal., for plaintiff-appellant.

Frank Cronin, Elizabeth Platte Johnson, Jackson, Lewis, Schnitzler & Krupman, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, HUG and REINHARDT, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

Hansen brought suit to compel appellee Trust to pay him early retirement benefits under a collectively bargained pension plan. The district court granted summary judgment for the Trust. We affirm in part, and reverse in part.

Hansen, a bus driver, became physically disabled at age 52. He was placed on unpaid leave of absence. Under the Plan, the Trust provided three retirement benefits: (1) disability retirement benefits, available until age 65; (2) early retirement benefits, available to an active employee at age 55; and (3) deferred vested retirement benefits, available at age 65. Disability retirement benefits were subject to reduction for outside earnings; the other benefits were not.

Hansen applied for and received disability retirement benefits, the only benefits for which he qualified in view of his age. When he reached 55 he applied for early retirement benefits to avoid the offset for outside earnings. The Trust denied the application on the ground that an employee could not change from disability retirement benefits to early retirement benefits unless he first returned to active employment.

■ Hansen challenges this decision on four grounds. Hansen first argues the Trust is equitably estopped from denying his application for early retirement benefits because he chose disability retirement benefits on the advice of the Retirement Plan Administrator, who did not tell him he could not subsequently switch to early retirement benefits unless he returned to active service. It is the law of this circuit,

1. Hansen argues the court should ignore the Trust's justification for its decision because the Trust has frequently changed its explanation of the denial of his request. While the Trust's communications with Hansen were not a model of clarity, they consistently stressed that he must return to active service before he could be eligible for early retirement. Even if Trust officials offered varying explanations, their confusion could not estop enforcement of the written plan provisions.

2. Hansen argues there is a genuine dispute of fact as to whether he is an employee, noting he

recently reaffirmed, that an employee benefit fund may not be required by estoppel to make payments not authorized by a written plan. *Davidian v. Southern California Meat Cutters Fund*, 859 F.2d 134, 135 (9th Cir.1988) (per curiam).[1]

■ Hansen contends the Trustees misread the Plan as requiring him to return to active employment to qualify for early retirement benefits. The Trustees' determination of benefits eligibility may be overturned only if "arbitrary, capricious, made in bad faith, not supported by substantial evidence, or erroneous on a question of law." *Moore v. Provident Life & Accident Ins. Co.*, 786 F.2d 922, 927 (9th Cir.1986); *see also Harm v. Bay Area Pipe Trades Pension Plan Trust Fund*, 701 F.2d 1301, 1304 (9th Cir.1983).

Under § 5–A of the Plan, a participant is eligible for early retirement benefits only if:

he was an Employee upon attainment of age fifty-five. An Employee who terminates employment prior to the attainment of age fifty-five will not be entitled to retire under the provisions of this Section 5....

The Trustees interpret this provision to require that Hansen have been an *active* employee at age 55 in order to qualify for early retirement benefits. Because § 7–A of the Plan requires that employment "cease[]" before one is eligible for disability retirement, a disability retiree like Hansen is not an "active" employee.[2] Nothing in the Plan precludes this reading and the Trust has applied this interpretation consistently over time.[3] This interpretation is

is still entitled to use his employee pass to ride Greyhound buses. Hansen misconceives our role: we do not decide independently what plan documents mean and whether Hansen is truly an "employee," but only whether the Trustees' interpretation of the Plan was arbitrary or capricious. *See Bance v. of Alaska Carpenters Retirement Plan*, 829 F.2d 820, 822 (9th Cir. 1987).

3. Hansen argues the Trustees violated their duty to act "solely in the interest of the participants ... and ... for the exclusive purpose of ... providing benefits to participants," 29 U.S.C.

also consistent with the bargaining history of the Plan—the drivers' union sought but failed to obtain a provision allowing employees who were no longer working because they had been disabled to obtain early retirement benefits on reaching age 55.

We conclude the Trustees' determination that Hansen is ineligible for early retirement benefits under the Plan was not arbitrary or capricious.

■ Hansen next argues rejection of his application for early retirement benefits violated the anti-forfeiture provisions of 29 U.S.C. § 1053(a). Section 1053(a) states in part: "an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age."

Hansen's "normal retirement benefit" has not been forfeited. He is not yet entitled to that benefit because he has not attained "normal retirement age"—65 under the Plan.[4] Section 1053(a) prohibits forfeiture *after* "the attainment of normal retirement age." It grants no right to early retirement benefits before reaching that age. *Hernandez v. Southern Nevada Culinary & Bartenders Pens. Trust,* 662 F.2d 617, 619 (9th Cir.1981).

■ Hansen contends the offset for outside earnings violates the anti-forfeiture provision. In *McBarron v. S & T Indus., Inc.,* 771 F.2d 94, 99 (6th Cir.1985), disability retirement benefits were denied to an employee who had not attained normal retirement age because he was receiving workers compensation. The Sixth Circuit

held this total denial of benefits did not violate § 1053(a) because the disability retirement benefits were not a "normal retirement benefit" and hence not subject to § 1053(a). 771 F.2d at 99. For the same reason, we hold that, prior to normal retirement age, reducing disability retirement benefits by offsetting for outside earnings does not violate § 1053(a).

■ Hansen next claims ERISA § 206(a), 29 U.S.C. § 1056(a) requires the Trust to pay him the actuarial equivalent of his normal retirement benefit. Section 1056(a) states in relevant part:

> In the case of a plan which provides for the payment of an early retirement benefit, such plan shall provide that a participant who satisfied the service requirements for such early retirement benefit, but separated from the service (with any nonforfeitable right to an accrued benefit) before satisfying the age requirement for such early retirement benefit, is entitled upon satisfaction of such age requirement to receive a benefit not less than the benefit to which he would be entitled at the normal retirement age, actuarially reduced under regulations prescribed by the Secretary of the Treasury.

The district court held that under § 12–A of the Plan,[5] Hansen waived his rights under § 1056(a)[6] by applying for and accepting disability retirement benefits. Hansen asserts he did not know he was making an irrevocable election when he applied for

---

§ 1104(a)(1), because they based their interpretation in part on the fact no one who had not returned to work had previously been allowed to change from disability to early retirement benefits. Consistent past practice was relevant to a proper interpretation of the Plan. Moreover, as the district court pointed out, "permitting changes in status of the kind Plaintiff requests could damage the actuarial underpinnings of the Western Plan" and thereby damage participants.

4. Defendants have stipulated that "[n]othing in the Western Plan will preclude him from obtaining his normal retirement benefit ... when he turns 65 years old.... [W]hen Hansen turns 65 years old, he will have his choice of the greater of his Disability Retirement benefits (without an offset for outside earnings) or his

Deferred Vested Retirement Benefits." Similar assurances were given in oral argument before both the district court and this court.

5. Section 12–A of the Plan provides:

> If a Participant is eligible for a Retirement Allowance or other benefit under more than one provision of this Plan, he may elect to receive any Retirement Allowance or other benefit for which he is eligible. Any such election shall be final unless changed before the effective date of his retirement.

Under this section, even if § 5–A did not require Hansen to be an "active" employee, he lost his right to early retirement by taking disability retirement under § 7.

6. Hansen conceded at oral argument that the rights given by § 1056(a) are waivable.

disability retirement benefits, but lack of actual knowledge is not dispositive—waiver may be based on constructive knowledge. *See* 5 W. Jaeger, *Williston on Contracts* § 685, at 281–82 (3d ed. 1961); *In re Garfinkle*, 672 F.2d 1340, 1347 (11th Cir.1982). Summary judgment was inappropriate, however, because whether constructive knowledge should be attributed to Hansen can be determined only by resolving disputed issues of fact.

On this record, a trier of fact could find either that Hansen had constructive knowledge of the provision or that he did not. Section 12–A of the Plan expressly provided that an election between benefits was required and "shall be final," [7] but there is no indication in the record that Hansen was given a copy of the Plan documents. Hansen did sign and submit a form labeled "Election and Information Form," but the form does not explicitly state the applicant can elect only one benefit during his lifetime or that the "election" is irrevocable. Although irrevocability might be implied from the word "election," the form does not make clear that applying for disability retirement constitutes an "election" as a matter of law. The form contains boxes for the different types of retirement: the box for normal retirement states the employee "elects" this benefit; by contrast, the box for disability retirement refers only to an "application" for the benefit. Finally, although letters sent Hansen before he began collecting benefits stated he would receive the disability benefit "for life," they did not state clearly he was making an irrevocable election. On this record, it was error to hold Hansen waived his rights under 29 U.S.C. § 1056(a) as a matter of law.

The rulings of the district court are affirmed except as to the waiver of rights under § 1056(a). The judgment is vacated and the cause remanded for further proceedings to resolve Hansen's § 1056(a) claim.

Each party shall bear its own costs. The Trust's request for sanctions is denied.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**7.** The finality language of § 12–A is apparently qualified by § 7–D which contemplates a return to service from disability retirement and subsequent receipt of early retirement, thus suggesting the election was not irrevocable. Hansen, of course, did not satisfy § 7–D's condition for revocability since he did not return to employment.