[No. D009844. Fourth Dist., Div. One. June 25, 1990.]

STANLEY POWELL, Plaintiff and Appellant, v.
GENERAL AMERICAN LIFE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Stanley D. Rutiz, Rose Flitcraft and Ronald C. Lapekas for Plaintiff and Appellant.

Higgs, Fletcher & Mack, Gregg F. Relyea and Jeffrey Robert Davis for Defendant and Respondent.

## OPINION

**WORK, Acting P. J.**—Stanley Powell appeals a judgment in favor of General American Life Insurance Company (General American), denying his claim for medical insurance benefits under his employer's benefit plan for his dependent daughter. The trial court ruled in favor of General American based on its belief equitable estoppel could not be applied to create insurance coverage under a plan governed by the Employee Retirement Income Security Act (ERISA) (see 29 U.S.C. § 1001 et seq.). We hold those judicial decisions precluding the use of estoppel to create coverage contrary to the terms of an employee benefit plan where claimants are ineligible under the *substantive* provisions of the plan, do not preclude the use of estoppel to excuse a prerequisite which is only *procedural,* so as to allow coverage of an otherwise *eligible* claimant. The judgment is reversed.

### FACTS

The case was submitted to the trial court on stipulated facts, which we summarize as follows. General American issued a group health insurance plan to Four Winds Van Lines, Inc., Powell's employer. General American contracted with Trimpe Gilbert Corporation to solicit applications for and to administer its group insurance policies. David Jahns, a Four Winds employee, worked directly with Trimpe Gilbert and administered Great American's group health plan for the Four Winds employees and dependents.

The insurance policy required evidence of insurability to enroll a dependent of an employee, if the application for dependent coverage was made 31 days after the employee was eligible for dependent coverage.[1] Powell contacted Jahns and filled out an enrollment card for his daughter, but failed to fill out the required proof of insurability form. Jahns had received no training from General American and, although responsible for administering the

---

[1] The policy provision states: "Subject to the Dependent Effective Date Proviso below, the dependent insurance of each employee shall become effective with respect to each eligible dependent he then has on the applicable date determined below but in *no event prior to the date the personal insurance becomes effective*:

"(2) If contributions for dependent insurance are required, his dependent insurance shall become effective on the earliest of the following dates:

"(a) The employee's eligibility date for dependent insurance, provided he authorizes contributions for dependent insurance on or before such date; (b) the date he authorizes contributions for dependent insurance provided he does so within 31 days after his eligibility date for dependent insurance; (c) the date specified by the Company upon approval of evidence of insurability satisfactory to the Company at its home office furnished without expense to Company with respect to each and every dependent he has on the date he authorizes contributions if he does so more than 31 days after his eligibility date for dependent insurance . . . ." (Italics added.)

health plan, did not know, and accordingly did not tell Powell, an insurability form was required. On several occasions Jahns assured Powell his daughter was covered. Some two months after filling out the enrollment card, Powell's daughter was in an automobile accident and sustained medical expenses. Thereafter, Powell, at Jahns's belated request, filled out the insurability form and General American extended coverage to the daughter. However, General American denied coverage of the daughter's claim for medical expenses arising from the accident.[2]

## ANALYSIS

Although the trial court found Powell had presented a "compelling case," it concluded recovery was precluded by the rule enunciated in *Davidian* v. *Southern California Meat Cutters Union* (9th Cir. 1988) 859 F.2d 134—i.e., that estoppel may not form the basis for creating insurance coverage under an ERISA health plan in the face of contrary written plan provisions.

■ ERISA is a federal statute designed to protect participants in employee benefit plans. It sets forth disclosure and reporting requirements, establishes standards of conduct, and provides remedies for its violation. (See *Rizzi* v. *Blue Cross of So. California* (1988) 206 Cal.App.3d 380, 383 [253 Cal.Rptr. 541].) With some exceptions not relevant here, ERISA preempts state laws. (*Id.* at p. 392.) ERISA's statutory provisions are to be enforced through the development of a federal common law of rights and obligations under ERISA-regulated plans. (*Firestone Tire & Rubber Co.* v. *Bruch* (1989) 489 U.S. 101, 110 [103 L.Ed.2d 80, 92, 109 S.Ct. 948, 954].) As we will note, *infra*, the federal courts are not in agreement regarding the use of estoppel in ERISA cases, and we are not bound to adopt the rule of any particular circuit. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 780, p. 751.) However, we need not resolve the conflict because the particular facts of this case remove it from the parameters of even those cases applying a no-estoppel rule.

In *Davidian,* the Ninth Circuit Court of Appeals held the principle of estoppel could not be applied to a claim against an employee benefit fund seeking the recovery of health insurance benefits. As we explain, the factual circumstances of this case render *Davidian*'s holding inapplicable.

---

[2]The stipulated facts are much more detailed, which we need not expound upon here. We are presented solely with the legal issue as to whether estoppel ever may apply to a claim under an ERISA plan, not whether the estoppel claim should prevail on its merits.

In *Davidian* v. *Southern California Meat Cutters Union, supra,* 859 F.2d at pages 134-135, the claimant sought to recover health benefits denied him, claiming a benefit fund employee misled him by failing to tell him there was a $20,000 cap on reimbursement for major medical expenses after surgery. When the fund declined to pay expenses in excess of $20,000, Davidian sued. In *Davidian,* the claimant asserted estoppel to create additional coverage which did not otherwise exist under the *substantive* provisions of a benefit plan.[3] Here, Powell is asserting estoppel to obtain coverage within the scope of benefits offered, notwithstanding his failure to comply with a procedural prerequisite which in his daughter's case did not raise any substantive eligibility issues. That is, at the time he sought to enroll her, there is no indication the daughter was uninsurable or otherwise ineligible for coverage under the terms of the policy. Thus, estoppel is being asserted here only to excuse the late submission of the insurability form, not to make an uninsurable claimant eligible or to otherwise enlarge the terms of coverage.

The relevant concerns of the no-estoppel rule are (1) not allowing payment contrary to the written plan agreement, and (2) not diverting fund assets outside the terms of the plan. The reasoning is that a written agreement is required under ERISA to establish and maintain employee benefit plans, thus its terms should be adhered to. (*Davidian* v. *Southern California Meat Cutters Union, supra,* 859 F.2d at p. 136; see also *Musto* v. *American General Corp.* (6th Cir. 1988) 861 F.2d 897, 910 [written plan is required so employee may determine exactly what his rights and obligations are].) Second, the rights of other employees properly covered under the fund had to be considered, and the fund assets should not be deflated because of misrepresentations by the plan administrator. (*Davidian* v. *Southern California Meat Cutters Union, supra,* 859 F.2d at p. 136.)

■ Here, payment would not be made to a claimant contrary to the substantive coverage terms in a written agreement. Rather, payment would be made to an eligible claimant after excusing, on equitable estoppel

---

[3] The cases cited in *Davidian* as establishing a no-estoppel rule, also involve claims seeking to create coverage where it would not otherwise exist under the substantive eligibility provisions of the plan. (See *Thurber* v. *Western Conf. of Teamsters Pens. Plan* (9th Cir. 1976) 542 F.2d 1106 [claim to create coverage even though employee suffered break in service]; *Aitken* v. *IP & GCU-Employer Retirement Fund* (9th Cir. 1979) 604 F.2d 1261, 1266-1269 [claim to cover sole proprietor-employer whereas only employees are eligible]; *Moore* v. *Provident Life & Acc. Ins. Co.* (9th Cir. 1986) 786 F.2d 922, 928 [claim to cover employee no longer employed by employer].) A case after *Davidian* applying its no-estoppel rule also involves a substantive ineligibility determination. (*Hansen* v. *Western Greyhound Retirement Plan* (9th Cir. 1988) 859 F.2d 779, 781 [claim for early retirement benefits even though employee lost that option by taking disability retirement benefits]; see also *Saret* v. *Triform Corp.* (N.D.Ill. 1986) 662 F.Supp. 312, 315-316 [estoppel could not create coverage for part-time employee since plan covered only full-time employees].)

grounds, the claimant's failure to timely comply with the requirement of filling out the insurability form. Second, the rights of covered employees would not be violated by diverting assets to an ineligible claimant. Rather, assets would be paid to a claimant eligible for coverage under the substantive terms of the agreement. We are convinced this distinction between using estoppel to create substantive eligibility as opposed to using it to excuse untimely satisfaction of a policy condition, makes *Davidian*'s holding inapplicable to the facts here.

Our limitation of *Davidian*'s no-estoppel rule to a substantive, rather than a procedural, requirement for coverage is supported by the analysis in a recent Eleventh Circuit opinion. *Kane* v. *Aetna Life Ins.* (11th Cir. 1990) 893 F.2d 1283, 1285, holds that although estoppel cannot be applied to orally modify an employee plan because ERISA specifically requires a written agreement, an insurer may be estopped from denying coverage where a health plan beneficiary has relied on a representative's interpretation of ambiguous provisions in the plan. While *Kane* acknowledges a general rule of contract law that "estoppel may not be invoked to enlarge or extend the coverage specified in a contract," it finds its holding does not contravene that rule. (*Id.* at p. 1285, fn. 3.) Similarly, applying equitable estoppel here will not enlarge coverage beyond the terms of the policy. Rather, the doctrine is employed to excuse compliance with a procedural requirement for an otherwise eligible claimant. (See generally, *O'Morrow* v. *Borad* (1946) 27 Cal.2d 794, 800 [167 P.2d 483, 163 A.L.R. 894] [court may excuse compliance with condition in insurance contract to avoid forfeiture].)[4]

---

[4] *Davidian* itself indicates its no-estoppel rule is not all encompassing. *Davidian* v. *Southern California Meat Cutters Union, supra,* 859 F.2d at page 136, expressly distinguishes ERISA cases recognizing the applicability of estoppel principles *where the suit was not against a trust fund,* reasoning that if the suit is not against a fund, there is no depletion of the fund assets. The distinguishable cases mentioned in *Davidian* are *Ellenburg* v. *Brockway, Inc.* (9th Cir. 1985) 763 F.2d 1091, 1096 and *Dockray* v. *Phelps Dodge Corp.* (9th Cir. 1986) 801 F.2d 1149, 1155, in which cases the claimants sued their *employers* for pension benefits denied them. Although we question whether this is a valid distinction, we note that here suit is against an insurance company, not an employee trust fund, which, under the express terms of *Davidian,* would bring this case outside its no-estoppel rule.

It appears to us that under proper circumstances, estoppel could apply to a trust fund as well as any other entity providing employee benefits. In *Dockray* v. *Phelps Dodge Corp., supra,* 801 F.2d at pages 1151-1152, footnote 2, the claimant filed an amended complaint naming the benefit plan and the trust company, but these entities were not served and thus were not included in the judgment. In *Ellenburg* v. *Brockway, Inc., supra,* 763 F.2d at pages 1096-1097, although the suit was against the employer, the court evaluated the propriety of the denial of benefits based on the employer's fiduciary duty to protect "the pension plan and trust assets by assuring that only eligible employees received benefits." There is nothing in *Dockray* or *Ellenburg* to suggest the courts would not have considered estoppel principles had the trust funds also been included in the suit.

Additionally, *Davidian* v. *Southern California Meat Cutters Union, supra*, 859 F.2d at page 149, footnote 3, acknowledges a district court opinion, *Cann* v. *Carpenters Pension Trust for Southern Cal.* (C.D.Cal. 1987) 662 F.Supp. 501, 508, interpreting the no-estoppel rule as only applying when recovery would compel an illegal act—i.e., requiring payment in violation of the governing statute. There, the court concluded estoppel could be utilized to create coverage based on a trust fund's failure to properly inform an employee he was entitled to a grace period to suspend operation of the break-in-service rule, which would have saved his pension credits. Since allowing such recovery was not contrary to any provision in ERISA, it did not violate the rule which prohibits the use of estoppel to compel an illegal act.

We believe our holding is supported by a recognition ERISA was enacted to promote the interests of the beneficiaries of employee benefit plans and to protect contractually defined benefits. (*Firestone Tire & Rubber Co.* v. *Bruch, supra*, 489 U.S. at p. 113 [103 L.Ed 2d at p. 94, 109 S.Ct. at p. 955].) ERISA imposes fiduciary duties on persons having discretionary control over management of an employee benefit plan; requires eligibility requirements be furnished to plan participants; and allows equitable relief. (29 U.S.C. §§ 1002(21)(A), 1022, 1132(a)(3); see *Vogel* v. *Independence Federal Sav. Bank* (D.Md. 1988) 692 F.Supp. 587, 591-594.) Thus, allegations that an employee was misled as to the procedural requirements for obtaining a benefit he has been promised by his employer should not be dispensed with by mechanically applying a no-estoppel rule. Absent some rationale which furthers ERISA's goals, it makes no sense to deprive an employee of an equitable remedy available before ERISA was enacted. (See *Firestone Tire & Rubber Co.* v. *Bruch, supra*, 489 U.S. at pp. 113-114 [103 L.Ed.2d at pp. 94-95, 109 S.Ct. at pp. 955-956.)[5]

The trial court's memorandum opinion suggests absent application of a no-estoppel rule, it was inclined to find in favor of Powell's estoppel claim. However, its opinion states the "single issue presented in this case is whether dependent insurance coverage may be created by estoppel in a group health plan governed by ERISA." Since the court made no finding on the merits of the estoppel claim, the matter is remanded for such determination.

---

[5]In light of our holding, we do not address Powell's argument that *Davidian*'s rationale does not apply to this case since there is no written agreement setting up an employee benefit plan in conformity with ERISA's requirement.

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings in accordance with this opinion.

Benke, J., and Huffman, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 12, 1990.